HoweLIi, J.
This is-a suit upon fifteen notes and drafts, amounting to $56,218 48, the defence to which is a general denial. Judgment was rendered against defendants on 5th February, 1866, and signed on the 9th February, 1866. Ou the latter date, before the judgment was signed, the defendants, through counsel, made a motion for a new trial, which, on objection by plaintiff’s counsel, the Court refused to entertain, on the ground that it came too late, the three judicial days allowed by law for making the same having expired; to which ruling a bill of exceptions was taken.
As said in the case of Smelsor v. Williams, 4 R. 152, we differ in opinion with the Judge a quo, and think he ought to have considered the motion; particularly, as it appears to have been filed, and it is not shown that the judgment was presented to the Judge for signature before the application for a new trial was made*» open Gourt. We think the jurisprudence settled, that until the judgment is signed, application may be made for a new trial. See C. P. 546, 548, 559; 5 N. S. 320; 4 R. 152. The right to do what is ordered, or permitted to be done within a given time, exists so long as no action of the Court, or the opposite party, has intervened to conclude that right, unless special provisions of law produce a different consequence.
Tbe defendants, however, having withdrawn their application for a new trial, and not embodied it in the bill of exceptions, have, in our opinion, waived the right to a hearing thereon. The grounds on which the application was based, are not before the Court for examination, and. *377 to remand thq case for a new and different application^ or to renew tiñe one which was voluntarily withdrawn, would be irregular.
Upon examining the record, we discover no causa for. disturbing the • judgment on the merits. ...
Judgment affirmed. . . . \ .
Mr. Justice Lab atjve, being a stockholder, recuses himself.
Behearing refused.